UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH GILLESPIE,<br>   Plaintiff,<br><br>v.<br><br>CITY OF BOSTON: THOMAS<br>MENINO, in his capacity as<br>Mayor of the City of Boston,<br>   Defendants | Civil Action No.:_____ |

## COMPLAINT, COMPENSATORY AND INJUNCTIVE RELIEF REQUESTED, AND JURY DEMAND

I. INTRODUCTION

1. This is an action brought pursuant to 42 U.S.C §1983 and the First Amendment to the United States Constitution challenging the Defendant's repeated failure to promote the Plaintiff to the position of Captain to the Boston Police Department in retaliation for activity and conduct protected by the First Amendment to the United States Constitution. Specifically, Plaintiff asserts that as President of the Boston Police Superior Officers Federation for nine years, he repeatedly spoke out on matters of public concern which in some instances angered city officials including the Defendant Mayor Thomas Menino, and that in 2009, the Plaintiff and his Union were actively engaged in political support for, electioneering activity, and financial contributions to the campaign of Michael Flaherty who was running against the Defendant Mayor Thomas Menino for the position of Mayor in the City of Boston. As a direct result of this vocal First Amendment activity supporting a rival candidate for mayor, the City of Boston has on at least three occasions failed and refused to promote the Plaintiff to the position of Captain in the Boston Police Department, notwithstanding the fact that on each of these occasions when a

vacancy existed, he was ranked first on the Civil Service eligibility list for such position. The Defendants' explanation that in each instance the position was abolished is a subterfuge for the real reason that the Defendants wanted to avoid promoting Plaintiff to such positions in the hopes that his Civil Service eligibility list would expire before any promotion need be made.

II.  JURISDICTION AND PARTIES

2.  The jurisdiction of this court is invoked pursuant to 28 U.S.C §1343 and 42 U.S.C. §1983 in that this case involves a question of Federal Constitutional Law.

3.  The Plaintiff Joseph Gillespie is an adult resident of West Roxbury/Boston, Massachusetts. He currently holds the position of Lieutenant on the Boston Police Department.

4.  The Defendant, City of Boston is a duly incorporated municipality of the Commonwealth of Massachusetts and is the employer of the Plaintiff Joseph Gillespie.

5.  The Defendant Thomas Menino is the Mayor of the City of Boston and in this capacity has the overall responsibility for the administration of the Boston Police Department.

III.  FACTS

6.  The Plaintiff Joseph Gillespie attended Boston Latin Academy, received a law degree from Suffolk University, and has been a Cadet and then Boston Police Officer, Sergeant, and Lieutenant for the City of Boston Police Department since 1982. His record on the Boston Police Department is unblemished.

7.  In 1994, the Plaintiff became Vice President of the Boston Police Superior Officers Federation, the Union representing Boston Police Captains, Sergeants, and Lieutenants. In 2001, he ran for and was elected President of the BPSOF.

8.  On many occasions after he was elected President of the Federation, the Plaintiff spoke out on issues of public concern relating to his members and the administration of the

Boston Police Department. On at least one occasion, he was quoted in the press criticizing cronyism between the defendant mayor's office and the Boston Police Department.

9. On other occasions, he along with other Boston Police Unions threatened to picket the Democratic National Convention held in Boston in 2004, because defendants would not offer a fair contract.

10. On many other occasions, the Plaintiff engaged in vigorous protected Union activities such as filing claims in court, with the Commonwealth of Massachusetts Department of Labor Relations, and with the American Arbitration Association challenging various actions of the City of Boston and its Police Department.

11. In 2009, the Boston City Council President, Michael Flaherty announced that he would challenge Mayor Thomas Menino for the position of Mayor of the City of Boston. Dissatisfied with many of the policies of Mayor Menino as it related to public safety and the Boston Police Department, the Plaintiff both individually and in his capacity as President of the Boston Police Superior Officers Federation invited all mayoral candidates to attend a forum before his membership in April of 2009.

12. At this meeting of the Federation, candidate Flaherty made a presentation as did another mayoral candidate, Sam Yoon. Mayor Menino refused to show up at the forum and did not make any presentation.

13. Shortly thereafter, the Plaintiff recommended to the membership (along with other Union officers) that the membership endorse, support, and provide active financial and participatory support for the Flaherty candidacy. The Union voted overwhelmingly to endorse Flaherty.

14. Thereafter, the Plaintiff actively campaigned for Michael Flaherty for the position of Mayor including but not limited to fundraising, letters of support, wearing Flaherty t-shirts, providing workers at the polls, holding signs, and otherwise criticizing the record of Mayor Menino as it related to public safety in the City of Boston.

15. Plaintiff Gillespie's support for Michael Flaherty was public, clearly known to Mayor Menino and active. Indeed on one or more occasions, Mayor Menino made comments to third parties indicating his extreme displeasure with the Federation's actions, and particularly those of the President, Plaintiff Gillespie.

16. In October of 2008, Plaintiff Gillespie, who holds the rank of Lieutenant in the Boston Police Department, took the statewide Civil Service promotional exam for the position of Captain. In February of 2009, the examination scores were certified by the state Human Resources Division and Gillespie received a high score or 90 on the examination, placing him in a tie for 7th place on the list for Boston Police Captain.

17. Historically, and in virtually every instance, promotions in the Boston Police Department are made from the very top of the Civil Service list, such that the highest scoring candidate is picked first for each vacancy.

18. In the fall of 2009, Mayor Menino won re-election for the position of Mayor in the City of Boston.

19. By April of 2010, Plaintiff Joseph Gillespie was ranked number one on the Captain's Civil Service list (tied with another individual), six Captain promotions having been made due to retirements and other vacancies.

20. In June of 2010, a long time Captain, Jack Gifford retired from the Police Department, creating another Captain's vacancy.

21. The Defendants failed and refused to fill the position, letting it go permanently empty, even though the position was funded in the fiscal years 2010 and 2011 budget.

22. Several months thereafter, another long time veteran Captain, Michael Broderick retired from the Boston Police Department, thereby creating another vacancy for the position of Captain in the Boston Police Department, which on information and belief was also funded.

23. Once again, the Defendants failed and refused to fill the vacancy and continued to leave the position vacant.

24. In January of 2011, long time Captain, Paul Russell informed the department that he would have to be on medical leave from the department for at least six months or more (and possibly permanently) by reason of surgery he needed to repair a serious work-related shoulder injury. Under the Civil Service Law, M.G.L. c.31, such a long-term absence required a temporary Captain promotion from the same Civil Service promotional list described above.

25. Once again, rather than fill Russell's position from the Civil Service list on which Plaintiff was tied for first, the city instead transferred another Captain, Tim Murray to Russell's position, and once again, decided not to fill Murray's Captain's position and leave it permanently vacant.

26. Historically, there have been at least 22 Captain positions on the Boston Police Department and there have been 22 such positions for at least the last 12 years. However, as a result of the actions of the Defendants as set forth above, the Defendants have reduced the number of Captains' positions to 19, even though on information and belief the city has not cut the funding for Captains positions in the Boston Police Department.

27. The promotional list on which Plaintiff Gillespie is now ranked tied for first has been in existence from February of 2009 and continues on until at least February of 2012. On

information and belief, it is the Defendants' intention to attempt to not fill any Captains positions (no matter how many vacancies occur) until the list on which Plaintiff Gillespie is ranked as tied for first expires.

28. The reason for Defendants decision not to promote Gillespie to any of the Captain vacancies described above, and to allow the list to expire without the making any Captain promotions is to retaliate against Plaintiff Gillespie for his (1) protected activity of representing members of the Superior Officers Federation; (2) speaking out on issues of public concern relating to the administration of the Department; and most importantly, (3) his protected activity of engaging in election activity in support of rival candidate Michael Flaherty.

## COUNT I

### (The First Amendment)

29. Pursuant to 42 U.S.C. §1983, the Plaintiff asserts that the failure to promote him to Captain is in direct retaliation for activity and conduct protected by the First Amendment to the United States Constitution.

## COUNT II

### (Tortious Interference)

30. The actions of the Defendant Menino in preventing Plaintiff from attaining the position of Captain in the Boston Police Department constitutes tortious interference with advantageous business relations.

WHEREFORE, Plaintiff requests declaratory, injunctive, and compensatory relief plus punitive damages and attorney's fees for the acts of Defendants as set forth within.

Respectfully submitted,

JOSEPH GILLESPIE,
By his attorneys,

Dated: April __, 2011

_____
Harold L. Lichten, BBO #549689
Sara Smolik, BBO #661341
Lichten & Liss-Riordan, P.C.
100 Cambridge Street
20th Floor
Boston, MA 02114
(617) 994-5800